## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**UNITED STATES OF AMERICA**

**Criminal Action Number**
**3:97CR62-J**

**v.**                                                        **3:98CR-5-J**

**ROBERT NATHANIAL MITCHUM**

### <u>MEMORANDUM OPINION</u>

On the basis of petitions asserting that defendant had violated the conditions of supervision by traveling outside the Western District of Kentucky without permission, this Court issued an Arrest Warrant in December of 2003.  This matter is now before the Court on defendant's motion to set aside the warrant on grounds of violation of his rights to a speedy hearing.

Mr. Mitchum entered onto supervised release in February of 2003.  In November of 2003, he committed state crimes.  In March of 2005, he entered guilty pleas as to these offenses and entered upon an eleven year sentence which the state court ordered to be served concurrently with Mr. Mitchum's federal sentences.  However, no hearing was held on the United States Probation Office petitions; instead, the United States Marshal lodged a detainer with the state institution where Mr. Mitchum was housed.  After Mr. Mitchum had an unsuccessful parole hearing, he filed the current motion, contending that the detainer was affecting the conditions of his detention and he was entitled to have it resolved.

Mr. Mitchum asserts that Fed.R. Crim.P. 32.1(a)(2) entitles him to a revocation hearing

1

"within a reasonable time."  However, by its terms, the rule applies only to a person "held in custody for violating probation or supervised release."  There is no dispute that Mr. Mitchum is in custody for committing Kentucky felonies, not for violating probation or supervised release. The arrest warrant has not been served, and Mr. Mitchum is not in federal custody.

Alternatively, Mr. Mitchum argues that the Fifth Amendment to the United States Constitution guarantees him a speedy revocation hearing.  In support of this argument, he cites Gagnon v. Scarpelli, 411 U.S. 778 (1973).  Gagnon, however, holds that probation may not be *revoked* without a hearing.   Mr. Mitchum's supervised release has not been revoked; as noted above, his current custody is the result of his November 2003 state felonies, not the result of revocation of his supervised release: Mr. Mitchum is not in federal custody.

Mr. Mitchum contends that he *is* constructively in United States custody as a result of his state plea agreement, in that it provided that his state sentence would run concurrently with his federal sentence.  His reasoning is that by entering into that agreement, the state implicitly relinquished custody to the United States: Only upon revocation and sentencing could there be a federal sentence as to which the state sentence could run concurrently.

The United States responds that a person cannot be placed in federal custody solely by means of a state plea agreement.  Since imposition of a federal sentence is the prerogative of the federal court, not that of the state court, the fundamental question is whether there is a principle of law requiring the United States to provide an immediate hearing on the petition for revocation. The case of Moody v. Daggett, 429 U.S. 78 (1976) is directly on point and holds that the Constitution does not require an immediate hearing where an individual is in custody as a result of state convictions, not as a result of the parole violation warrant.  In distinguishing such a

2

circumstance from that addressed in Morrissey v. Brewer, 408 U.S. 471 (1972), a case in which the individual was actually in custody as a result of the parole violator warrant, the Moody court observed:

> Issuance of the warrant and notice of that fact to the institution of confinement did no more than express the [parole board's] intent to defer consideration of parole revocation to a later time.... With only a prospect of future incarceration which is far from certain, we cannot say that the parole violator warrant has any present or inevitable effect upon the liberty interests which Morrissey sought to protect.

429 U.S. at 86-87.

We are not unmindful of the strong dissent and other expressions of concern concerning this rule of law.  In particular, we note the strong dictum of Senior Judge Walter Rice: "This Court is of the opinion that Moody was wrongly decided."  Foster v. United States Parole Commission, 515 F.Supp. 541, 544, n.1 (S.D. Ohio 1981).  Nonetheless, this Court is not at liberty to disregard controlling authority from the Supreme Court of the United States.  Because Mr. Mitchum is not in federal custody as a result of the violation petitions, he does not have a right to compel an immediate hearing thereon.

An order in conformity has this day entered.